F  RECEIVED

JUN 2 4 1999

at _____ o'clock _____ M

CLERK OF COURTS

U.S. DISTRICT COURT, N.D.O.

TOLEDO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO,**
**WESTERN DIVISION**



| | |
|---|---|
| DENNIS CLINE, *on behalf of himself and all others similarly situated,*<br>938 Walnut Street<br>Fostoria, Ohio 44830,<br><br>    *Plaintiff,*<br><br>v.<br><br>GENERAL DYNAMICS LAND SYSTEMS, INC.<br>c/o, U.S. Corporation Company,<br>Registered Agent<br>16 East Broad Street<br>Columbus, Ohio 43215,<br><br>    *Defendant.* | Case No. **3 : 99 C V 7401**<br><br>Judge   **JUDGE DAVID A. KATZ**<br><br>Magistrate _____<br><br>**CLASS ACTION**<br><br>Jury Demand Endorsed Hereon |

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff, complaining of Defendant, alleges as follows:

### PARTIES

1.    Plaintiff, Dennis Cline, resides in Seneca County, Ohio, and is a citizen of the United States of America. He brings this action on behalf of himself and all others similarly situated who are 40 years of age or older and subject to or affected by the collective bargaining agreement between Defendant and the United Auto Workers Union which became effective in July 1997, and is currently in effect (CBA).

2.    Defendant, General Dynamics Land Systems, Inc., is a corporation licensed in the State of Delaware with its principal place of business in Sterling Heights, Michigan.

/

## JURISDICTION AND VENUE

3.     This action arises under Section 7 of the ADEA, 29 U.S.C. §626, and Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), 42 U.S.C. §2000e-5 and Ohio Revised Code Chapter 4112.

4.     Jurisdiction over Count 1 of this action is conferred on this Court by §7 of the ADEA, 29 U.S.C. §626 and 28 U.S.C. §1331 because the action arises under the laws of the United States.

5.     Jurisdiction under Count 2 of this action is founded upon pendent jurisdiction and diversity of citizenship under 28 U.S.C. §1332 in that the action is between citizens of different states and the amount of controversy exceeds the sum of $50,000, exclusive of interests and costs.

6.     Venue is properly laid in the Northern District of Ohio, Western Division, because Defendant is doing business in Allen County, Ohio, and the claims alleged herein arose in Allen County, Ohio.

## CLASS ACTION ALLEGATIONS

7.     This suit is properly maintainable under Fed R. Civ. P. 23(B)(2) in that Defendant has acted and/or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

8.     This suit is properly maintainable under Fed R. Civ. P. 23(B)(3) in that the questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2

9.    The class includes individuals who are 40 years of age or older and subject to or affected by the CBA.

10.    There are at least 50 individuals who comprise the class.

11.    Plaintiff is 47 years old, a member of this class and his claim is typical of the claims of the class.

12.    Plaintiff initiated the underlying charge relevant to this action with the United States Equal Opportunity Employment Commission (EEOC).

13.    At all times relevant and material herein, Plaintiff and the class members were employees of Defendant within the meaning of the ADEA and Ohio Revised Code Chapter 4112.

14.    At all times relevant and material herein, Defendant was an employer within the meaning of the ADEA and Ohio Revised Code Chapter 4112.

15.    At all times relevant to this Complaint, Plaintiff and the class members were subject to the CBA with Defendant.

16.    The CBA conditions the receipt of certain employment benefits solely on an employee's age.

17.    The CBA restricts employees not 50 years or older on July 1, 1997, from receiving similar employment benefits to employees who were 50 years or older on July 1, 1997.

18.    The CBA's restrictions resulted in a discriminatory impact on Plaintiff and the class members.

19.    Defendant's conduct resulted in a discriminatory impact on Plaintiff and the class members.

3

20. Throughout said employment, Plaintiff and the class members were engaged in services and duties essential to the movement of goods in interstate commerce.

## COUNT I: AGE DISCRIMINATION
### (ADEA)

21. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

22. Defendant's conduct constitutes a violation of the ADEA, including, but not limited to, violations of 29 U.S.C. §§ 206-207.

23. As a result of the foregoing unlawful conduct on the part of Defendant, Plaintiff and the class members suffered damages in excess of $100,000 to be determined at trial.

## COUNT II: AGE DISCRIMINATION
### (OHIO REVISED CODE CHAPTER 4112)

24. Plaintiff re-alleges the preceding paragraphs of this Complaint as if fully rewritten herein.

25. Defendant's conduct constitutes a violation of Ohio Revised Code Section 4112.99.

26. As a result of the foregoing unlawful conduct on the part of Defendant, Plaintiff and the class members suffered damages in excess of $100,000 to be determined at trial.

WHEREFORE, Plaintiff and the class members pray that this Court certifies the above-described class and invokes the remedies provided by the ADEA and Ohio Revised Code Chapter 4112. In particular, Plaintiff and the class members pray this Court to:

1. Certify the defined class pursuant to Federal Rule of Civil Procedure 23;

2. Enter judgment that Defendant violated federal and state law as set forth above;

4

3.      Order Defendant to compensate Plaintiff and the class members for all back pay and benefits due and owing as a result of Defendant's wrongful actions;

4.      Enter judgment for Plaintiff and the class members and against Defendant on the basis of Defendant's willful and/or non-willful violations of federal and state law as set forth above;

5.      Award compensatory, liquidated and punitive damages to Plaintiff and the class members, in an amount in excess of $100,000 to be determined at trial;

6.      Award Plaintiff and the class members their costs and reasonable attorneys fees in this action;

7.      Issue an injunction directing Defendant to cease all discriminatory conduct;

8.      Award Plaintiff and the class members prejudgment interest; and

9.      Grant such other relief as may be just and necessary.

**JURY DEMAND**

Plaintiff and the class members hereby request a jury in this matter.

Respectfully submitted,

GRANGER & BIGGERMAN CO., L.P.A.

Mark W. Biggerman
Ohio Supreme Court Number 0064092
132 Northwoods Boulevard
Columbus, Ohio 43235
(614) 854-0615
(614) 885-7574 {fax}
Trial Attorney for Plaintiff

5