FILED

99 SEP 29 PM 1:21

NORTHERN DISTRICT OF OHIO
TOLEDO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO,
### WESTERN DIVISION

|  |  |
|---|---|
| Dennis Cline, John Alge, David Bayes, Gary Bish, Dan Brenamen, Lewis Browning, Anthony Ciminillo, Scott Danner, Hixey Deeble, Robert Dewald, Larry Dicke, Richard Dirmeyer, David Driggs, Ron Duran, Kenneth Emahiser, Donald Eversole, Earl Fast, Dennis Ferguson, Robert Feucht, William Fisher, Steven Flake, Vada Flinders, Robert Frye, Gregory Gebolys, Joseph Gibson, Robert Greenlee, Raymond Gourash, Steven Hammond, Nathan Heckathorn, David Hollon, Charles Huff, Gary Huff, Richard Huffman, Anthony King, Les Krotzer, Robert Kuhn, Gerald Lanning, David Laurence, William Legrant, Charles Lowery, Donald Mathias, Gregory Mayberry, Steven Mays, John McClellan, Danny McEowen, Stan Miller, James Munson, Vincent Napier, Robert Nye, Clayton Pitts, Dennis Powers, Eliseo Ramirez, John Rammel, James Reese, Leonard Risner, Patrick Roddy, Tom Saylor, John Schlosser, David Seibert, Marvin Shepherd, M. J. Shields, Doug Sipe, David Spires, Larry Stark, Kenny Stevens, Michael Strahm, Anthony Stubbs, Russ Theil, Thomas Tucker, Charles Wagner, Harley Wagner, John Wagner, Gregory Walters, Robert Waltermyer, Charles Wood, Michael Woodruff, Allan Young, Kyle Young, Rick Young, Robert Baker, Dean Becker, | Case No.      99-7401<br><br>Judge      Katz<br><br>Jury Demand Endorsed Hereon |



Gary Salyer, Daryl Beaupre, Terry Gibbs, :
Jon Cottrell, Terry Biddle, John Birkmeier, :
Margaret Boyd, Guy Burrows, Russell :
Clewley, Thomas Clifton, Daniel Cline, Jed :
Couts, James Culp, Sandra Daniel, Michael :
Deal, Dana DeCamp, Richard Diltz, Steven :
Freed, Daniel Geething, Patrick Goddard, :
Frank Guerrero, Alan Haunhurst, Robert :
Horning, Scott Hesse, Michael Hunsicker, :
Loren Hurless, Joanna Jacobs, Bobby :
Jordan, Bob Keiffer, Richard Kessler, Paul :
Kesner, Douglas Kraepel, Gary Lamberjack, :
David Luchini, Lester Lyons, Joella Marks, :
Jeffrey Martin, Kenneth McCaslin, Robert :
McDonald, Robert Millirans, Jeffrey :
Monroe, Joseph Myers, Steven Myers, John :
Nekoranec, Wayne Nestor, Paul Niese, :
Mike Nino, Ronald Perrine, Charles :
Radloff, Mark Rex, Michael Rigsby, Bruce :
Rose, Dennis Schimmoeller, Michael :
Shultz, Sandy Snider, Larry Sutton, Cecil :
Turnbell, Ralph Wheeler, Robert White, :
Daniel Wilges, Robert Wilkins, Leonard :
Wilson, Richard Wright, Martin Zamudio, :
Emery Koszoru, Robert Beck, Donald :
Kime, David Pigga, Anthony Durkin, :
Richard Jackson, Thomas Kraycer, William :
Simson, Harry Baldan, Thomas :
Degrafenried, Leo Brunori, Delmar Weikel, :
Eugene Fisher, John Jerome, James Ferraro, :
Pete Borkowski, Kevin Parker, Michael :
Pisarski, Joseph Slakis, Boyd Smith, :
Vincent Cesari, Daniel Buranich, John :
Roszko, Gary Morcom, Stanley Homitz, :
Joseph Erzar, Dennis Kobierecki, John :
Wargo, Paul Debish, James Swartz, Peter :
Rosar, George Sansky, Patrick Rosemellia, :
Robert Clark, George Archibald, Thomas :
Earyes, Stanley Cominsky, JuLeann, :
Kurchin, James Clark, Keith Winkler, Ted :
Anaszeuski, John Manko, Ronald Kennedy, :
:

Case No.        99-7401

Judge        Katz

Jury Demand Endorsed Hereon

2

and

Thomas Babb, Roger Pool, Gary Rhodes,
Ronald Mitchem, Jim Welly, David Dillon,
Leonard Haaser, Ed Galan, David Puchta,
Michael Lucius,

       :    Case No.     99-7401

and

Mario Diaz, Dennis Ryan, Michael
Williams,

       :    Judge      Katz

             *Plaintiffs*,

       :    Jury Demand Endorsed Hereon

      v.

GENERAL DYNAMICS LAND
SYSTEMS, INC.,

            *Defendant*.

---

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
## AND MONEY DAMAGES WITH JURY DEMAND ATTACHED

---

Plaintiffs, complaining of Defendant, alleges as follows:

### PARTIES

1.    Plaintiffs are citizens of the United States of America and are citizens and residents of the State of Ohio. Plaintiffs, Thomas Babb, Roger Pool, Gary Rhodes, Ronald Mitchem, Jim Welly, David Dillon, Leonard Haaser, Ed Galan, David Puchta and Michael Lucius, shall hereinafter be jointly and severally referred to as "Plaintiff Babb group." Plaintiffs, Mario Diaz, Dennis Ryan and Michael Williams, shall hereinafter be jointly and severally referred to as "Plaintiff Diaz group." All remaining Plaintiffs shall hereinafter be jointly and severally referred to as "Plaintiff Cline group."

2.    Defendant General Dynamics Land Systems, Inc. is a corporation authorized and existing under the law of the State of Delaware with its principal place of business in Sterling

3

Heights, Michigan.

## JURISDICTION AND VENUE

3. This action arises under Section 7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626, and Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), 42 U.S.C. §2000e-5 and Ohio Revised Code Chapter 4112.

4. Jurisdiction over Counts 1 and 3 of this action is conferred on this Court by §7 of the ADEA, 29 U.S.C. §626 and 28 U.S.C. §1331 because the action arises under the laws of the United States.

5. Jurisdiction under Count 2 of this action is founded upon pendent jurisdiction and diversity of citizenship under 28 U.S.C. §1332 in that the action is between citizens of different states and the amount of controversy exceeds the sum of $75,000, exclusive of interests and costs.

6. Venue is properly laid in the Northern District of Ohio, Western Division, because Defendant is doing business in Allen County, Ohio, and the claims alleged herein arose in Allen County, Ohio.

## FACTUAL ALLEGATIONS

7. Plaintiff Cline group are current employees of Defendant.

8. Plaintiff Babb group and Plaintiff Diaz group are former employees of Defendant.

9. Plaintiffs are current or former members of the United Auto Workers Union (UAW).

10. At all times relevant and material herein, Plaintiffs were employees of Defendant within the meaning of the ADEA.

11. At all times relevant and material herein, Plaintiffs were employees of Defendant

4

within the meaning of Ohio Revised Code Chapter 4112.

12. At all times relevant and material herein, Defendant was an employer within the meaning of the ADEA.

13. At all times relevant and material herein, Defendant was an employer within the meaning of Ohio Revised Code Chapter 4112.

14. Prior to July 1, 1997, Plaintiffs were subject to and affected by a Collective Bargaining Agreement (CBA1) between Defendant and the UAW.

15. During the duration of CBA1, the UAW and Defendant entered into a subsequent collective bargaining agreement (CBA2) which became effective upon the expiration of CBA1 on July 1, 1997.

16. CBA2 is currently in effect.

17. Plaintiffs are 40 years of age or older and were less than 50 years of age on July 1, 1997.

18. CBA2 imposed a limit on the level of benefits provided to Plaintiff on the basis of their age.

19. The CBA's restrictions resulted in a discriminatory impact on Plaintiffs.

20. Defendant's conduct resulted in a discriminatory impact on Plaintiffs.

21. As a result of the imposed limits on their benefits, Plaintiff Babb group retired from employment with Defendant prior to CBA2's effective date to preserve their benefits and prevent losing said benefits guaranteed under CBA1.

22. Plaintiff Diaz group retired from employment with Defendant after CBA2's effective date. Upon their retirement, Plaintiff Diaz group received less benefits than if they had retired under CBA1.

5

23. Plaintiff Cline group are currently employed by Defendant and subject to CBA2's limit on their level of retirement benefits on the basis of their age.

24. Plaintiff Dennis Cline initiated charges on behalf of Plaintiffs with the United States Equal Opportunity Employment Commission (EEOC), alleging that CBA2 discriminated against Plaintiffs on the basis of their age. The EEOC assigned these charges numbers 220971198 and 220971199.

25. On June 30, 1998, the EEOC issued a determination that CBA2 adversely affects Plaintiffs "by imposing a limitation on the level of benefits provided to them on the basis of their age." (See attached Exhibit 1).

## COUNT 1: AGE DISCRIMINATION
### (ADEA)

26. Plaintiffs incorporate the preceding paragraphs.

27. Defendant's conduct constitutes a violation of the ADEA, including, but not limited to, violations of 29 U.S.C. §§ 206-207.

28. As a result of the foregoing unlawful conduct on the part of Defendant, each member of the Plaintiff Babb group suffered and continues to suffer lost wages and additional damages in excess of $75,000 exclusive of interest and costs.

29. As a result of the foregoing unlawful conduct on the part of Defendant, each member of the Plaintiff Diaz group suffered and will continue to suffer damages as a result of lost benefits in excess of $75,000 exclusive of interest and costs.

30. As a result of the foregoing unlawful conduct on the part of Defendant, each member of the Plaintiff Cline group suffered and will continue to suffer damages as a result of lost benefits in an amount to be determined at trial.

## COUNT 2: AGE DISCRIMINATION

## (OHIO REVISED CODE CHAPTER 4112)

31. Plaintiff incorporate the preceding paragraphs.

32. Defendant's conduct constitutes a violation of Ohio Revised Code Section 4112.99.

33. As a result of the foregoing unlawful conduct on the part of Defendant, each member of the Plaintiff Babb group suffered and continues to suffer lost wages and additional damages in excess of $75,000 exclusive of interest and costs.

34. As a result of the foregoing unlawful conduct on the part of Defendant, each member of the Plaintiff Diaz group suffered and will continue to suffer damages as a result of lost benefits in excess of $75,000 exclusive of interest and costs.

35. As a result of the foregoing unlawful conduct on the part of Defendant, each member of the Plaintiff Cline group suffered and will continue to suffer damages as a result of lost benefits in an amount to be determined at trial.

## COUNT 3: DECLARATORY JUDGMENT

36. Plaintiffs incorporate the preceding paragraphs.

37. There exists a justiciable controversy between Plaintiffs and Defendant concerning Plaintiffs' rights and Defendant's responsibilities under CBA2.

38. Plaintiff Cline group has standing to bring this action against Defendant.

39. In the alternative, if this Court determines Plaintiff Cline group does not have standing to bring this action against Defendant at this time, this Court should determine if and when Plaintiff Cline group will have standing to bring this action against Defendant.

40. Plaintiff Cline group's claims in this action are ripe for determination by this Court.

7

41. In the alternative, if this Court determines Plaintiff Cline group's claims in this action are not ripe for determination by this Court at this time, this Court should determine if and when Plaintiff Cline group's claims in this action will be ripe for determination by this Court.

WHEREFORE, Plaintiffs demand that this Court:

1. Adjudge and declare the rights and responsibilities of the parties.

2. Declare and determine:

    A. The CBA is in conflict with and violates Plaintiffs' rights as protected by and prescribed by federal and state law;

    B. Plaintiffs have been damaged.

    C. Plaintiffs are entitled to compensation for all back pay and benefits due as a result of Defendant's wrongful action.

    D. Defendant willfully violated the federal and state law.

    E. There has arisen among and between the parties a justiciable controversy concerning the rights and responsibilities of the parties under the CBA.

3. Award Plaintiff Babb group compensatory damages in excess of $75,000 exclusive of interest and costs.

4. Award Plaintiff Diaz group compensatory damages in excess of $75,000 exclusive of interest and costs.

5. Award Plaintiff Cline group compensatory damages in an amount to be determined at trial.

6. Issue preliminary and permanent injunctions precluding Defendant's continuation of Defendant's discriminatory conduct.

7. Grant such other and further relief to which Plaintiffs may be entitled against the Defendant in either law or equity including their costs and attorneys fees incurred herein.

## JURY DEMAND

Plaintiffs hereby request a jury in this matter.

Respectfully submitted,

Mark W. Biggerman
Ohio Supreme Court Number 0064092
GRANGER & BIGGERMAN CO., L.P.A.
132 Northwoods Boulevard
Columbus, Ohio 43235
(614) 854-0615
(614) 885-7574 {fax}
Trial Attorney for Plaintiffs

E. Bruce Hadden
Ohio Supreme Court No. 0031753
HADDEN CO., L.P.A.
132 Northwoods Boulevard
Columbus, OH 43235
(614) 431-2000
(614) 436-4500 {fax}
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A true copy of the foregoing Amended Complaint was served on the parties listed below by regular mail on ~~Thursday~~ MONDAY, September 27, 1999.

Mark W. Biggerman

Rolf H. Scheidel (0023954)
Shumaker, Loop & Kendrick, LLP
North Courthouse Square
1000 Jackson
Toledo, Ohio 43624-1573
Attorney for Defendant

9